## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: BRYON SCOTT OPPENLANDER § Case No. 09-27672
and § Hon. JACQUELINE P. COX
SUZANNE MARIE OPPENLANDER §
§
§
Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 07/30/2009.

The undersigned trustee was appointed on 07/30/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $11,015.52

Funds were disbursed in the following amounts:

| | |
|---|---|
| Administrative expenses | $0.00 |
| Payments to creditors | $0.00 |
| Non-estate funds paid to 3rd Parties | $0.00 |
| Payments to the debtor | $0.00 |
| Leaving a balance on hand of [1] | $11,015.52 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 12/28/2009. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,851.50. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,851.50, for a total compensation of $1,851.50. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $8.02, for total expenses of $8.02.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/29/2009    By: /s/ ALLAN J. DeMARS
                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-TFR (9/1/2009)

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No.: 09-27672
Case Name: BRYON SCOTT OPPENLANDER and SUZANN MARIE OPPENLANDER
For Period Ending: 12/31/09

Trustee Name: Allan J. DeMars
Date Filed (f) or Converted (c): 7/30/09 (F)
§341(a) Meeting Date: 9/9/09

Claims Bar Date: 12/28/09

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) Ref # | | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon DA=§ 554(c) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | cash | 100.00 | 0.00 | DA | | FA |
| 2 | business checking account | 500.00 | 11,014.23 | | 11,014.23 | FA |
| 3 | checking and savings acct | 2,000.00 | 0.00 | DA | | FA |
| 4 | checking account | 200.00 | 0.00 | DA | | FA |
| 5 | savings account | 50.00 | 0.00 | DA | | FA |
| 6 | furniture | 600.00 | 0.00 | DA | | FA |
| 7 | clothing | 300.00 | 0.00 | DA | | FA |
| 8 | wedding ring | 3,000.00 | 0.00 | DA | | FA |
| 9 | business equipment and supplies | 3,000.00 | 0.00 | DA | | FA |
| 10 | receivables | 18,157.00 | 0.00 | DA | | FA |
| 11 | customer lists | 1.00 | 0.00 | DA | | FA |
| 12 | 2006 Chevrolet Malibu | 10,500.00 | 0.00 | DA | | FA |
| 13 | 2007 Chevrolet Suburban | 16,000.00 | 0.00 | DA | | FA |
| 14 | leased and pledged business equipment | 150,000.00 | 0.00 | DA | | FA |
| 15 | interest on invested funds | | | | 1.29 | |
| TOTALS (Excluding unknown values) | | | 11,014.23 | | 11,015.52 | |

Date of Final Report (TFR): 12/29/09

EXHIBIT "B"   FORM 2
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 09-27672  
Case Name: BRYON SCOTT OPPENLANDER and SUZANNE MARIE OPPENLANDER  
Taxpayer ID#: 27-6285988  
For Period Ending: 12/31/09  

Trustee's Name: Allan J. DeMars  
Bank Name: Bank of America  
Initial CD #: CDI  
Blanket bond (per case limit): 5,000,000  
Separate bond (if applicable): ___  
Money Market #: 375 556 2395  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| 10/29/09 | Ref 2 | from debtor | proceeds of business checking account | 1129-000 | 8,247.04 | | 8,247.04 |
| 11/13/09 | Ref 2 | from debtor | balance of proceeds of business checking account; debtors had spent and are returning | 1129-000 | 2,767.19 | | 11,014.23 |
| 11/30/09 | Ref 15 | Bank of America | interest on invested funds | 1270-000 | 0.77 | | 11,015.00 |
| 12/23/09 | Ref 15 | Bank of America | interest on invested funds | 1270-000 | 0.52 | | 11,015.52 |
| | | | | | | | |
| | | | | | | | |

COLUMN TOTALS  11,015.52   0   11,015.52  
Less: Bank transfers/CD  
  Subtotal  
Less: Payments to debtor(s)  
  Net   11,015.52   0   11,015.52  

| TOTAL – ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | BALANCES |
|---|---|---|---|
| Checking # | | | |
| Money Market # 375 556 2395 | 11,015.52 | 0 | 11,015.52 |
| Savings # | | | |
| CD #CDI | | | |
| Net | 11,015.52 | 0 | 11,015.52 |
| | Excludes account transfers | Excludes payments to debtor | Total Funds on Hand |

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 09-27672
Case Name: BRYON SCOTT OPPENLANDER and SUZAN
Trustee Name: ALLAN J. DeMARS

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee ALLAN J. DeMARS | $1,851.50 | $8.02 |
| *Attorney for trustee* | | |
| *Appraiser* | | |
| *Auctioneer* | | |
| *Accountant* | | |
| *Special Attorney for trustee* | | |
| *Charges,* U.S. Bankruptcy Court | | |
| *Fees,* United States Trustee | | |
| Other | | |

UST Form 101-7-TFR (9/1/2009)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Attorney for debtor* | | |
| *Attorney for* | | |
| *Accountant for* | | |
| *Appraiser for* | | |
| Other | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $20,922.19 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | Internal Revenue Service | $20,922.19 | $9,156.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $188,784.05 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 2 | Chase Bank USA NA | $3,904.90 | $0.00 |
| 3 | Chase Bank USA NA | $2,463.86 | $0.00 |
| 4 | PYOD LLC successor to Citibank | $702.28 | $0.00 |
| 5 | PYOD LLC successor to Citibank | $2,693.12 | $0.00 |
| 6 | Chase Bank USA NA | $2,258.19 | $0.00 |
| 7 | Quill | $556.17 | $0.00 |
| 8 | Wells Fargo Financial Illinois | $425.00 | $0.00 |
| 9 | GE Money Bank/Bassett Furniture | $2,964.55 | $0.00 |
| 10 | PYOD LLC successor to Citibank | $6,959.95 | $0.00 |
| 11 | Unisource World Wide | $1,292.53 | $0.00 |
| 12 | PRA Receivables Mgmt LLC agent for Portfolio Recovery successor to HSBC Bank | $688.46 | $0.00 |

**UST Form 101-7-TFR (9/1/2009)**

| | | | |
|---|---|---|---|
| 13 | PRA Receivables Mgmt LLC agent for Portfolio Recovery successor to HSBC Bank | $796.52 | $0.00 |
| 14 | OPC Capital Corporation | $163,078.52 | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling _____$0.00__ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be __0__ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$2,323.76__ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be __0__ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Internal Revenue Service | $2,323.76 | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is _____$0.00__ .

**UST Form 101-7-TFR (9/1/2009)**