UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF DISTRICT
EASTERN DIVISION

In re: BRYON SCOTT OPPENLANDER § Case No. 09-27672
and § Hon. JACQUELINE P. COX
SUZANNE MARIE OPPENLANDER § Chapter 7
§
§
Debtor(s)

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that ALLAN J. DeMARS, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Application for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
219 S. Dearborn Street, 7th Floor, Chicago, IL

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 9:30 a.m. on 3/11/2010 in Courtroom 619, Dirksen Federal Building Courthouse, 219 S. Dearborn Street, Chicago, IL

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

By: Clerk US Bankruptcy Court
(Title of person signing form)

*Trustee's Name:*
ALLAN J. DeMARS

*Trustee's Address:*
100 W. Monroe St. - Suite 910 - Chicago, IL 60603

UST Form 101-7-NFR (9/1/2009)

**UNITED STATES BANKRUPTCY COURT**
NORTHERN     DISTRICT OF  ILLINOIS
<u>EASTERN DIVISION</u>

| | | |
|---|---|---|
| In re: BRYON SCOTT OPPENLANDER and SUZANNE MARIE OPPENLANDER | § § § § § | Case No. 09-27672 Hon. JACQUELINE P. COX Chapter 7 |
| Debtor(s) | | |

## SUMMARY OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| *The Final Report shows receipts of* | $11,015.52 |
| *and approved disbursements of* | $0.00 |
| *leaving a balance on hand of*[1] | $11,015.52 |

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee   ALLAN J. DeMARS | $1,851.50 | $8.02 |
| *Attorney for trustee* | | |
| *Appraiser* | | |
| *Auctioneer* | | |
| *Accountant* | | |
| *Special Attorney for trustee* | | |
| *Charges,  <u>U.S. Bankruptcy Court</u>* | | |
| *Fees, <u>United States Trustee</u>* | | |
| Other | | |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (9/1/2009)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Attorney for debtor* | | |
| *Attorney for* | | |
| *Accountant for* | | |
| *Appraiser for* | | |
| *Other* | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____$20,922.19_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | Internal Revenue Service | $20,922.19 | $9,156.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____$188,784.05_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___0___ percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 2 | Chase Bank USA NA | $3,904.90 | $0.00 |
| 3 | Chase Bank USA NA | $2,463.86 | $0.00 |
| 4 | PYOD LLC successor to Citibank | $702.28 | $0.00 |
| 5 | PYOD LLC successor to Citibank | $2,693.12 | $0.00 |
| 6 | Chase Bank USA NA | $2,258.19 | $0.00 |
| 7 | Quill | $556.17 | $0.00 |
| 8 | Wells Fargo Financial Illinois | $425.00 | $0.00 |
| 9 | GE Money Bank/Bassett Furniture | $2,964.55 | $0.00 |
| 10 | PYOD LLC successor to Citibank | $6,959.95 | $0.00 |
| 11 | Unisource World Wide | $1,292.53 | $0.00 |
| 12 | PRA Receivables Mgmt LLC agent for Portfolio Recovery successor to HSBC Bank | $688.46 | $0.00 |

UST Form 101-7-NFR (9/1/2009)

| | | | |
|---|---|---|---|
| 13 | PRA Receivables Mgmt LLC agent for Portfolio Recovery successor to HSBC Bank | $796.52 | $0.00 |
| 14 | OPC Capital Corporation | $163,078.52 | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling ___$0.00___ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ___0___ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling ___$2,323.76___ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ___0___ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Internal Revenue Service | $2,323.76 | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is ___$0.00___.

Prepared By: /s/ Allan J. DeMars

Trustee

*Trustee's Name:*
ALLAN J. DeMARS

*Trustee's Address:*
100 W. Monroe - Suite 910
Chicago, IL 60603

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.